IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIAM "TIM" HICKS, | ) | Civil Action No.: 4-04-CV-22603-25 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **WRITTEN OPINION AND ORDER** |
| | ) | |
| CITY OF MYRTLE BEACH AND | ) | |
| GRAND STRAND WATER AND SEWER | ) | |
| AUTHORITY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

In this case, plaintiff William Hicks ("Hicks") asserts that his First Amendment right to freedom of speech has been violated by the defendants. Specifically, the plaintiff alleges that he has been denied sewer services in an effort to silence his operation of an adult entertainment establishment described as a "lingerie bar."

This matter now comes before the Court upon the parties' filing of several motions. In particular, the instant Order shall address the following motions: (1) by the defendant Grand Strand Water and Sewer Authority ("Grand Strand") to dismiss pursuant to F.R.C.P. 12(b)(6) (Doc. # 7); (2) by the defendant City of Myrtle Beach ("City") to dismiss pursuant to F.R.C.P. 12(b)(6) (Doc. # 8); and (3) by the plaintiff for a writ of mandamus and/or for summary judgment (Doc. # 16).

On January 26, 2006, a hearing was conducted before the undersigned relating to the above-referenced motions. At that time, the parties were provided with the opportunity to argue their respective legal positions. Each of these motions is now ripe for disposition.

1

**I.     By the defendant Grand Strand Water and Sewer Authority to dismiss pursuant to F.R.C.P. 12(b)(6)**

Initially, as noted above, defendant Grand Strand has moved to dismiss the plaintiff's causes of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted. According to Grand Strand, the plaintiff's complaint does not sufficiently allege a cause of action against it. The undersigned concludes otherwise.

Rule 12(b)(6) allows a court to dismiss claims based on dispositive issues of law. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, a 12(b)(6) motion cannot be granted as a matter of law unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. The Court presumes all factual allegations in the complaint to be true and accords all reasonable inferences to the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed. 1994). Yet, the Court is not bound to accept as true "conclusory allegations regarding the legal effect of the facts alleged." Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995).

Based upon the undersigned's review of the plaintiff's complaint, the undersigned cannot conclude, at this stage in the proceedings, that "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." According to the plaintiff's amended complaint, the plaintiff alleges that he has been denied sewer services by the defendants in an effort to silence his operation of a lingerie bar. (Amended Complaint ¶ 12). At this stage in the legal proceedings, the Court is required to presume these allegations to be true. Generally, Grand Strand argues the plaintiff's claims

stem "from the City's enactment of a policy prohibiting adult entertainment businesses," and further, that Grand Strand was abiding by a policy it did not enact. At this stage of the proceedings, without more, this Court concludes that dismissal pursuant to Rule 12(b)(6) is not appropriate. Reviewing the complaint and drawing all reasonable inferences in favor of the plaintiff, the undersigned cannot conclude that no relief could be granted to the plaintiff under such circumstances as a matter of law. Therefore, defendant Grand Strand's motion to dismiss is denied (Doc. # 7).

II.     **By the defendant City of Myrtle Beach to dismiss pursuant to F.R.C.P. 12(b)(6)**

Next, defendant City has also moved to dismiss the plaintiff's causes of action pursuant to F.R.C.P. 12(b)(6). According to the City, dismissal is appropriate because the doctrine of *res judicata* precludes the plaintiff from suing it. The City argues that the doctrine of *res judicata* precludes Hicks from suing the City in this matter because of the final determination on the same claim rendered in the case of City of Myrtle Beach v. Miss Kitty's, 00-CP-26-4786 and affirmed by the South Carolina Court of Appeals at Opinion Number 2004-UP-369, filed June 10, 2004 ("state court action"). This prior Order certainly gave careful consideration to the utility services dispute then existing between the City and Miss Kitty's. However, the undersigned, based upon the record presently before it, concludes that a Rule 12(b)(6) dismissal of the plaintiff's causes of action against the City also is not appropriate.

Again, a Rule 12(b)(6) motion cannot be granted as a matter of law unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." The Court must presume all factual allegations in the complaint to be true and accord all reasonable inferences to the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed.1994).

The doctrine of *res judicata* embodies two distinct preclusion concepts: (1) claim preclusion; and (2) issue preclusion. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 376 n. 1, 105 S.Ct. 1327, 1329 n. 1, 84 L.Ed.2d 274 (1985); Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). Claim preclusion, which the City claims is applicable to the instant case, refers to the preclusive effect of a judgment in foreclosing litigation of matters which should have been raised in an earlier suit, while issue preclusion refers to the effect of a judgment in precluding the relitigation of a matter actually litigated and decided. Briggs v. Newberry County School District, 838 F. Supp. 232 (D.S.C. 1992).

Under the principles of claim preclusion, a final judgment on the merits in a prior action will absolutely bar the parties and their privies from litigating in a subsequent action issues actually litigated and issues that could have been raised in the first action. Id. (citing Jaynes v. County of Fairfield, 303 S.C. 434, 401 S.E.2d 183 (Ct. App.1991); Calvert v. Calvert, 287 S.C. 130, 336 S.E.2d 884 (Ct. App.1985)). This Court notes that Briggs states claim preclusion forecloses litigation of matters which should have been raised in an earlier suit. Further, to raise the bar of claim preclusion, the following three elements must be shown: (1) identity of the parties or their privies; (2) identity of the subject matter of the

litigation; and (3) a final determination on the merits of the claim in the former proceeding. Id. (citing H.G. Hall Constr. v. J.E.P. Enterprises, 283 S.C. 196, 321 S.E.2d 267 (Ct. App.1984)).

The first prerequisite of claim preclusion is identity of the parties or their privies. The term "privy," as used in the context of *res judicata*, refers to a person "so identified in interest with another that he represents the same legal right." Richburg v. Baughman, 290 S.C. 431, 351 S.E.2d 164 (1986). This prerequisite arguably has not been met.

In this case, neither Hicks or Grand Strand were parties to the state court action. Similarly, although a relationship apparently exists between Hicks and Miss Kitty's, the undersigned cannot definitively conclude, at this time, that clear or sufficient privy exists between them. Further development of the facts may provide additional evidence on this question. Thus, dismissal is not appropriate at this time.

As well, the second element that must exist to raise the bar of claim preclusion is an identity of subject matter. The test applied by South Carolina courts to determine whether there is an identity of subject matter for *res judicata* purposes focuses upon the primary right and duty in each case. If the primary right and duty and alleged wrong are the same in each action, there is an identity of subject matter. See Jimmy Martin Realty Group, Inc. v. Fameco Distrib., Inc., 300 S.C. 192, 386 S.E.2d 803 (Ct. App.1989).

Based upon the undersigned's review of the record in this case, the Court, at this stage, is not prepared to reach a final determination that there is the same identity of subject matter in both the state court action and the instant case. Judge John L. Breeden's May 15, 2002, Order focused primarily on and addressed state law claims as to whether the City had

the obligation to provide utility services to non-residents. Although the state court Order did provide that "Miss Kitty's claim that the City terminated its sewer service because it is an adult entertainment establishment in violation of its first and fourteenth amendment rights is not supported by the facts[,]" the Order does not expand on this conclusion. Similarly, the record is unclear whether the federal issues presented in the state court action are identical to those presented in this case. Further facts may provide clarity on the question of identity of subject matter. For this reason, the undersigned concludes that dismissal of the plaintiff's causes of action against the City is not appropriate at this time.

Moreover, although a final determination on the merits of Miss Kitty's claims in the state court action may well have occurred, there is a question as to whether a final determination on the merits of Miss Kitty's alleged federal claims occurred in the state court proceeding. The undersigned is unable to determine at this time whether Miss Kitty's federal claims were dismissed in the state court proceeding because they lacked merit and/or simply were not developed fully. As a result, the third element necessary for claim preclusion to apply in this case, a final determination on the merits of the claim in the former proceeding, may also arguably not be present. For this reason, the undersigned concludes that dismissal of the plaintiff's causes of action against the City is not appropriate at this time.

In sum, because the instant action arguably involves different parties, different issues, and different facts, the undersigned concludes that the City's Rule 12(b)(6) motion to dismiss on the basis of *res judicata* should be denied at this time.

**III.     By the plaintiff for mandamus and/or for summary judgment**

Finally, the plaintiff has petitioned for a writ of mandamus and has moved for summary judgment on his claims. According to the plaintiff, the defendants' refusal to provide sewer service cannot be justified or excused under any theory of law or equity. Based upon the record now existing, this Court also concludes that plaintiff's petition for writ of mandamus and/or for summary judgment should be denied.

The party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements:

> (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502 (4th Cir. 1999). As well, "the writ will issue only in extraordinary circumstances." Id.

In this case, at this stage, it is not certain that the plaintiff has a clear and indisputable right to the relief sought and/or that the defendants have a clear duty to do the specific act requested. The defendants argue that they are not required to provide sewer services to non-residents of the City of Myrtle Beach. The plaintiff alleges otherwise. A state judge has ruled in favor of the City. For the reasons stated, plaintiff's petition for writ of mandamus is denied.

Regarding plaintiff's motion for summary judgment, it is premature to address that motion at this stage of the proceedings. For this reason, plaintiff's motion for summary judgment is denied.

For the reasons discussed above, defendant Grand Strand's motion to dismiss pursuant to F.R.C.P. 12(b)(6) (Doc. # 7), defendant City of Myrtle Beach's motion to dismiss pursuant to F.R.C.P. 12(b)(6) (Doc. # 8), and plaintiff's petition for mandamus and/or motion for summary judgment (Doc. # 16) are **DENIED**.

**IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u>
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT COURT JUDGE**

February 13, 2006
Florence, South Carolina